IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, *Plaintiff*, v. SALESFORCE.COM, INC., *Defendant.* | § § § § § § § § § § § § | CIVIL ACTION 6:20-cv-01163-ADA CIVIL ACTION 6:20-cv-01164-ADA CIVIL ACTION 6:20-cv-01165-ADA CIVIL ACTION 6:20-cv-01166-ADA CIVIL ACTION 6:20-cv-01167-ADA CIVIL ACTION 6:20-cv-01168-ADA CIVIL ACTION 6:20-cv-01169-ADA CIVIL ACTION 6:20-cv-01170-ADA CIVIL ACTION 6:20-cv-01171-ADA CIVIL ACTION 6:20-cv-01172-ADA |

**JOINT MOTION TO ENTER SCHEDULING ORDER**

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order to meet and confer in advance of the Rule 16 case management conference and the Court's Order Governing Proceedings ("OGP"), the Parties have conferred on a proposed scheduling order and have exchanged competing scheduling orders. Plaintiff's Proposed Scheduling order is attached as **Exhibit A**. Defendants' Proposed Scheduling Order is attached as **Exhibit B**. A side-by-by side of the Parties proposed dates as compared to the Court's default schedule is attached as **Exhibit C.**

In accordance with the Order Governing Proceedings, the parties have briefly set forth below their respective positions on items where they cannot agree.

**Plaintiff's Position:**

The Court should adopt Plaintiff's proposal because it adopts the Court's default schedule. See *Far North Patents, LLC v. NXP USA, Inc*. 1-20-cv-00397 (WDTX)(8/1/2020 text-only docket entry) ("After careful review, the Court adopts Plaintiff's version given that it more closely tracks the Court's default schedule and Defendants have not provided sufficient reasons to depart from

that."). This Court has previously adopted the Court's default schedule in twelve cases between WSOU and Microsoft. *See* e.g., *WSOU Investments LLC v. Microsoft Corporation*, Case No. 6:20-cv-00454-ADA, Dkt. 33 (WDTX)(Oct. 19, 2020)(Adopting WSOU's proposal for the default schedule over Microsoft's proposed staggered and delayed schedule). Here, Defendants have not yet provided Plaintiff any compelling reason to deviate from the Court's default schedule, let alone, delay the schedule.

One of the principal deviations proposed by Defendants is to delay the Court's default trial schedule by at least four months. In particular, in addition to seeking to delay the schedule, Defendant seeks to place cases for trial for an unidentified date *after* such a four-month delay.

This strategy is calculated. Defendants of patent cases in the Western District of Texas have argued that the PTAB in IPR proceedings can decide cases faster than this Court – especially when no date is identified. If Defendants proposal of schedule delay is adopted, Defendant will make such an argument.

**Defendant's Position:**

WSOU's ten actions should proceed on Salesforce's modestly extended proposed schedule due to their unique size and complexity █████████████████████████████████████

WSOU asserts **106 claims** across **ten patents** in ten separate actions. None of the patents share a patent family, any named inventors, or any prosecution history. WSOU also targets a diverse range of functionalities across a wide range of Salesforce products:

- **Case No. 20-cv-01163.** WSOU alleges infringement of the '731 patent by Salesforce Communities.
- **Case No. 20-cv-01164.** WSOU alleges infringement of the '411 patent by Scalable Vector Graphics for Salesforce CRM.
- **Case No. 20-cv-01165.** WSOU alleges infringement of the '928 patent by the contact directory function in the Salesforce Sales Cloud.

- **Case No. 20-cv-01166.** WSOU alleges infringement of the '819 patent by user cache preferences settings for Salesforce CRM.
- **Case No. 20-cv-01167.** WSOU alleges infringement of the '827 patent by the Subscriber Profile Repository for the Salesforce Customer 360 Data Manager.
- **Case No. 20-cv-01168.** WSOU alleges infringement of the '892 patent by the live agent chat feature for Salesforce CRM.
- **Case No. 20-cv-01169.** WSOU alleges infringement of the '899 patent by sending SMS messages through Salesforce MobileConnect API.
- **Case No. 20-cv-01170.** WSOU alleges infringement of the '493 patent by Send Time Optimization for Journey Building, Marketing Cloud.
- **Case No. 20-cv-01171.** WSOU alleges infringement of the '060 patent by customization of the computer-telephony integration systems in Salesforce Service Cloud.
- **Case No. 20-cv-01172.** WSOU alleges infringement of the '320 patent by the Experience Builder feature of Salesforce Communities.

In view of this immense complexity, Salesforce's modest extension to the Court's default patent schedule is eminently reasonable. Salesforce proposes just:

- **1 week extension** for preliminary invalidity contentions, claim construction deadlines, and *Markman* date;

- **2.5 week extension** for the opening of fact discovery and resulting discovery deadlines;

- **3 week extension** for opening expert reports, and an extra week to complete expert discovery;

- **1.5 month extension** to complete dispositive and *Daubert* motion briefing;

- **1.5 week extension** for the first jury selection/trial for three of the above captioned cases.

WSOU's assertion of 106 claims across ten patents strongly warrants an extended schedule under this Court's guidance. As the Court has explained, "[t]he Court sets the trial date based on the number of asserted patents and the perceived complexity of the case…. For a case with more asserted patents and/or with a higher perceived complexity, the Court will set a longer Markman to Trial timeline." *See* https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/ (last visited July 13, 2021). The Court has further directed that cases with just 50 asserted claims—less than half than the number asserted here—justifies an expanded schedule. *See*

https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/ (last visited July 13, 2021). WSOU tacitly acknowledges this case's complexity by proposing *three separate trials* in rapid succession on three sets of patents. Its proposed schedule, however, would deprive the Salesforce of *any* additional time for invalidity contentions, *Markman* proceedings, fact and expert discovery, or pre-trial motion practice. WSOU's compressed schedule risks severe unfair prejudice to Salesforce. Contrary to WSOU's argument, Salesforce seeks an extension of the case schedule not due to any motive to bolster IPR institution arguments, but instead in view of the sheer complexity and scale of these ten actions.



For the foregoing reasons, Salesforce thus respectfully requests that the Court adopt its proposed schedule.

DATED:  July 29, 2021                    Respectfully submitted,

                By:  */s/ Ryan S. Loveless*
                Mark D. Siegmund
                State Bar No. 24117055
                mark@waltfairpllc.com
                **Law Firm of Walt, Fair PLLC.**
                1508 North Valley Mills Drive
                Waco, Texas 76710
                Telephone: (254) 772-6400
                Facsimile: (254) 772-6432

                James L. Etheridge
                Texas Bar No. 24059147
                Ryan S. Loveless
                Texas Bar No. 24036997
                Brett A. Mangrum
                Texas Bar No. 24065671
                Travis L. Richins
                Texas Bar No. 24061296
                Jeff Huang
                Etheridge Law Group
                2600 E. Southlake Blvd., Suite 120/324
                Southlake, Texas 76092
                Tel.: (817) 470-7249
                Fax: (817) 887-5950
                Jim@EtheridgeLaw.com
                Ryan@EtheridgeLaw.com
                Brett@EtheridgeLaw.com
                Travis@EtheridgeLaw.com
                Jeff@EtheridgeLaw.com

                *Counsel for Plaintiff WSOU Investments, LLC*


DATED: July 29, 2021                    Respectfully submitted,

                */s/ Scott L. Cole*
                Scott L. Cole
                scottcole@quinnemanuel.com
                Quinn Emanuel Urquhart & Sullivan, LLP
                201 West 5th Street
                11th Floor

Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Ray R. Zado
rayzado@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant salesforce.com, inc.*