# Exhibit 411-4



U<small>NITED</small> S<small>TATES</small> P<small>ATENT AND</small> T<small>RADEMARK</small> O<small>FFICE</small>

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/506,642 | 07/21/2009 | Antti Forstadius | P3063US01 | 4456 |

11764          7590          04/20/2011
Ditthavong Mori & Steiner, P.C.
918 Prince Street
Alexandria, VA 22314

| EXAMINER |
|---|
| JACOBS, LASHONDA T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2457 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/20/2011 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@dcpatent.com

PTOL-90A (Rev. 04/07)

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 12/506,642 | FORSTADIUS, ANTTI |
|  | Examiner | Art Unit |
|  | LASHONDA T. JACOBS | 2457 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *31 January 2011*.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-21* is/are pending in the application.
   4a) Of the above claim(s) *1* is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *2-21* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 12/506,642 Page 2
Art Unit: 2457

## DETAILED ACTION

### Response to Amendment

This Office Action is in response to Applicant's amendment filed on January 31, 2011. Claim 1 has been cancelled. Applicant newly adds claims 2-21. Claims.2-21 are pending and presented for examination.

### Claim Rejections - 35 USC § 103

1. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2. Claims **2-21** are rejected under 35 U.S.C. 103(a) as being unpatentable over Rohrabaugh et al (hereinafter, "Rohrabaugh", U.S. Pat. No. 7,210,099) in view of Tamura (U.S. Pub. No. 2004/0048602).

As per claims **2**, **11** and **19**, Rohrabaugh discloses a method, an apparatus and a computer-readable storage medium comprising:

- interfacing, via a messaging gateway, a first network environment and a second network environment to receive content and addressing information associated with an apparatus within the second environment, wherein the content is reformatted in a vectorized format (col. 2, lines 30-40, col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

However, Rohrabaugh does not explicitly disclose:

- determining to generate a signal specifying access information to access the content.

Application/Control Number: 12/506,642  Page 3
Art Unit: 2457

Tamura discloses a mobile telephone apparatus with remote access function for external network and remote access method for mobile communication system comprising:

- determining to generate a signal specifying access information to access the content (paragraphs 0030-0037 and 0045-0060).

Therefore, it would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Rohrabaugh by incorporating or implementing a signal with access information for content for the purpose of receiving and downloading the content in a timely and efficient manner.

As per claims **3**, **12** and **20**, Rohrabaugh discloses the invention substantially as claims discussed above.

However, Rohrabaugh does not explicitly disclose:

- determining to transmit the content to the apparatus in response to a request from the apparatus, the request being generated in response to the signaling.

Tamura discloses a mobile telephone apparatus with remote access function for external network and remote access method for mobile communication system comprising:

- determining to transmit the content to the apparatus in response to a request from the apparatus, the request being generated in response to the signaling (paragraphs 0030-0037 and 0045-0060).

Therefore, it would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Rohrabaugh by incorporating or implementing a signal with access information for content for the purpose of receiving and downloading the content in a timely and efficient manner.

Application/Control Number: 12/506,642                                                                 Page 4
Art Unit: 2457

As per claims **4**, **13** and **21**, Rohrabaugh discloses:

- wherein the content is in a scalable vector graphics (SVG) format (col. 6, lines 45-54).

As per claims **5** and **14**, Rohrabaugh further discloses:

- determining to reformat the content into another vectorized format supported by the apparatus for transmitting the reformatted content to the apparatus (col. 2, lines 30-40, col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

As per claims **6** and **15**, Rohrabaugh further discloses:

- receiving either text message, source identification, or combination thereof; and determining to append the reformatted content to the text message, the source identification or the combination thereof, for transmission to the apparatus (col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

As per claims **7** and **16**, Rohrabaugh discloses:

- wherein the addressing information includes either a mobile telephone number, a session initiation protocol (SIP) address, or combination thereof (col. 2, lines 30-40, col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

As per claims **8** and **17**, Rohrabaugh discloses:

- wherein the signaling is in compliance with a short messaging service (SMS), or session initiation protocol (SIP) (col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

As per claims **9** and **18**, Rohrabaugh further discloses:

- determining to authenticate the apparatus based, at least in part, upon the addressing information of the apparatus (col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

Application/Control Number: 12/506,642  Page 5
Art Unit: 2457

As per claims **10** and **19**, Rohrabaugh discloses:

- wherein the apparatus is authenticated based, at least in part, upon an international mobile equipment identification code associated with the apparatus, a session authentication key transferred to the apparatus during the signaling or a combination thereof (col. 2, lines 30-40, col. 6, lines 45-54, col. 9, lines 3-46 and col. 10, lines 6-22).

## Response to Arguments

3. Applicant's arguments with respect to claims 2-21 have been considered but are moot in view of the new ground(s) of rejection.

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to LASHONDA T. JACOBS whose telephone number is (571)272-4004.  The examiner can normally be reached on 8:30 A.M.-5:00 P.M..

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ario Etienne can be reached on 571-272-4001.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 12/506,642                                                                                         Page 6
Art Unit: 2457

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/LaShonda T Jacobs/
Primary Examiner, Art Unit 2457

ltj
April 8, 2011