# Exhibit 411-5

Attorney Docket No.: P3063US01 *Patent*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Application of: | Antti FORSTADIUS | Confirmation No.: | 4456 |
| Application No.: | 12/506,642 | Examiner: | Jacobs, Lashonda T |
| Filed: | July 21, 2009 | Group Art Unit: | 2457 |

For:   SYSTEM, METHOD AND COMPUTER PROGRAM PRODUCT FOR PROVIDING CONTENT TO A TERMINAL

Commissioner for Patents
Alexandria, VA 22313-1450

## **RESPONSE UNDER 37 C.F.R. § 1.111**

Dear Sir:

In response to the Office Action dated April 20, 2011, please amend this application as follows.

AMENDMENT AND PRESENTATION OF CLAIMS ................................................... 2

REMARKS ........................................................................................................... 7

1

Attorney Docket No.: P3063US01                                                                                                   *Patent*

## AMENDMENT AND PRESENTATION OF CLAIMS

Please replace all prior claims in the present application with the following claims.

1. (Canceled)

2. (Currently Amended)   A method comprising:

interfacing, via a messaging gateway, a first network environment and a second network environment to receive, from the first network environment, content and addressing information associated with an apparatus within the second network environment, wherein the content is reformatted in a vectorized format; and

determining to generate a signal specifying access information to access the content.

3. (Previously Presented)   A method of claim 2, further comprising:

determining to transmit the content to the apparatus in response to a request from the apparatus, the request being generated in response to the signaling.

4. (Previously Presented)   A method of claim 2, wherein the content is in a scalable vector graphics (SVG) format.

5. (Previously Presented)   A method of claim 2, further comprising:

determining to reformat the content into another vectorized format supported by the apparatus for transmitting the reformatted content to the apparatus.

6. (Previously Presented)   A method of claim 5, further comprising:

Attorney Docket No.: P3063US01                                                                                    *Patent*

receiving either a text message, a source identification, or a combination thereof; and

determining to append the reformatted content to the text message, the source identification, or the combination thereof, for transmission to the apparatus.


7.   (Previously Presented)   A method of claim 2, wherein the addressing information includes either a mobile telephone number, a session initiation protocol (SIP) address, or a combination thereof.


8.   (Previously Presented)   A method according to claim 7, wherein the signaling is in compliance with a short messaging service (SMS), or a session initiation protocol (SIP).


9.   (Previously Presented)   A method of claim 2, further comprising:

determining to authenticate the apparatus based, at least in part, upon the addressing information of the apparatus.


10.   (Previously Presented)   A method of claim 9, wherein the apparatus is authenticated based, at least in part, upon an international mobile equipment identification code associated with the apparatus, a session authentication key transferred to the apparatus during the signaling, or a combination thereof.


11.   (Currently Amended)   An apparatus comprising:

at least one processor; and

at least one memory including computer program code for one or more programs,

3

Attorney Docket No.: P3063US01                                                                                                    *Patent*

the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus to perform at least the following,

interface, via a messaging gateway, a first network environment and a second network environment to receive, from the first network environment, content and addressing information associated with an apparatus associated within the second network environment, wherein the content is reformatted in a vectorized format; and

determine to generate a signal specifying access information to access the content.

12. (Previously Presented) An apparatus of claim 11, wherein the apparatus is further caused to:

determine to transmit the content to the apparatus in response to a request from the apparatus, the request being generated in response to the signaling.

13. (Previously Presented) An apparatus of claim 11, wherein the content is in a scalable vector graphics (SVG) format.

14. (Previously Presented) An apparatus of claim 11, wherein the apparatus is further caused to:

determine to reformat the content into another vectorized format supported by the apparatus, for transmitting the reformatted content to the apparatus.

15. (Previously Presented) An apparatus of claim 14, wherein the apparatus is further caused to:

receive either a text message, a source identification, or a combination thereof; and

4

Attorney Docket No.: P3063US01 *Patent*

determine to append the reformatted content to the text message, the source identification, or the combination thereof, for transmission to the apparatus.

16. (Previously Presented)   An apparatus of claim 11, wherein the addressing information includes either a mobile telephone number, a session initiation protocol (SIP) address, or a combination thereof.

17. (Previously Presented)   An apparatus according to claim 16, wherein the signaling is in compliance with a short messaging service (SMS), or a session initiation protocol (SIP).

18. (Previously Presented)   An apparatus of claim 11, wherein the apparatus is further caused to:

determine to authenticate the apparatus based, at least in part, upon the addressing information of the apparatus.

19. (Currently Amended)   A computer-readable storage medium carrying one or more sequences of one or more instructions which, when executed by one or more processors, cause an apparatus to at least perform the following steps:

interfacing, via a messaging gateway, a first network environment and a second network environment to receive, from the first network environment, content and addressing information associated with an apparatus within the second network environment, wherein the content is reformatted in a vectorized format; and

determining to generate a signal specifying access information to access the content.

Attorney Docket No.: P3063US01 *Patent*

20. (Previously Presented) A computer-readable storage medium of claim 19, wherein the apparatus is caused to further perform:

determining to transmit the content to the apparatus in response to a request from the apparatus, the request being generated in response to the signaling.

21. (Previously Presented) A computer-readable storage medium of claim 19, wherein the content is in a scalable vector graphics (SVG) format.

Attorney Docket No.: P3063US01                                                                                           *Patent*

## REMARKS

By this amendment, claims 2-21 are pending, in which no claims are canceled or withdrawn from consideration and claims 2, 11 and 19 are currently amended.  Claim 1 was previously canceled.  No new matter is introduced.  Reconsideration of the application is respectfully requested in view of the above amendments and the following remarks.

The Office Action mailed April 20, 2011 rejected claims 2-21 as obvious under 35 U.S.C. §103 based on *Rohrabaugh et al.* (US 7,210,099) in view of *Tamura et al.* (US 2004/0048602).  The rejection is respectfully traversed.

To advance prosecution and reduce issues for potential appeal, Applicants have amended independent claims 2, 11 and 19.  As amended, independent claim 2 recites "…..interfacing, via a messaging gateway, a first network environment and a second network environment **to receive, from the first network environment, content and addressing information associated with an apparatus within the second network environment, wherein the content is reformatted in a vectorized format**," as also similarly recited in independent claims 11 and 19.

Applicants respectfully submit that *Rohrabaugh et al.* and *Tamura et al.*, taken individually or in combination, fail to disclose or render obvious all of the above recited features, particularly as amended.

The Office Action, at page 2, paragraph 4 alleges that *Rohrabaugh et al.* discloses "interfacing, via a messaging gateway, a first network environment and a second network environment to receive content and addressing information associated with an apparatus within the second network environment, wherein the content is reformatted in a vectorized format."

*Rohrabaugh et al*, in pertinent part, discloses (emphasis added):

Col. 2, lines 30– Col. 2, lines 40: According to another embodiment, novel server processing of Web content is provided.  First, the server receives a request for

7

Attorney Docket No.: P3063US01                                                                                          *Patent*

Web content from a client.  **The requested Web content is then translated into a scalable vector format to produce vector-formatted Web content corresponding to the requested Web content.**  The vector format enables the client to substantially retain an original page layout within a set of layouts originally intended to be associated with the requested Web content by including page layout information in a vector database. Finally, the vector-formatted Web content is provided to the client.

Col. 6, lines 45– Col. 6, lines 54: …..computers 18, 20, and 22, to request content that is accessible via a network such as the Internet 24 to be retrieved from selected network resources, including web servers 26 and 28 and an FTP site 30, **wherein the content is translated into a scalable vector representation** (i.e., SVF, also referred to herein as "vectorized content") through use of a proxy server 32 and sent to the requesting client. Upon being received by the client, the vectorized content is processed and rendered using a thin client to enable a user to view the content on the client device.

Col. 9, lines 3– Col. 9, lines 46: As discussed above, wireless clients may also access the vectorized network (e.g., web site) content provided via proxy server 24. ……. Accordingly, a portion of the transmission path to and from proxy server 24 will comprise infrastructure provided by that service provider and/or shared with other service providers. For simplicity, this infrastructure is shown as a cellular tower 70 and a service provider data center 72, although it will be understood by those skilled in the art **that the connection path may comprise additional infrastructure components, including appropriate gateways and routers, that enable wireless devices to access proxy server 24……...** For the purposes of the invention herein, it will be understood that those skilled in the mobile telecommunications arts will be knowledgeable about any particular format and/or transport protocol requirements that pertain to the particular protocol that is to be used.

Col. 10, lines 6– Col. 10, lines 22: **The primary difference in this instance is that the web server does not receive requests from or send documents to a proxy server--rather, the content is retrieved and processed at the web server, wherein the retrieved content may be stored local to the web server or retrieved from a remote server in a manner similar to that described above.** As before, the retrieved HTML documents are translated into scalable vector representations by HTML translator 58 in a block 114, while the graphic images are translated into a compressed bitmap format by image translator 60 in a block 116, as depicted by vectorized content 62 and bitmap content 64. The vectorized content and bitmap content are then streamed from the web server to the client in a block 119, as depicted by a transfer path 67. Upon arriving at the client, the vectorized content and bitmap content are processed, scaled, and rendered on the client in a block 120.

Attorney Docket No.: P3063US01                                                                                               *Patent*

*Rohrabaugh et al.,* describes a process initiated by a client, wherein the client submits a request to proxy server to retrieve and convert selected content. (See. *Rohrabaugh et al,* Col. 6, lines 55– Col. 6, lines 58).   The proxy server retrieves the content in an original format from the network site associated with the location provided by the client and when the HTML documents and graphic content are received by the proxy server, a scalable vector representation of the web page is generated in a block by an HTML translator.   (See. *Rohrabaugh et al,* Col. 8, lines 46– Col. 6, lines 49).   However, as evident from the above passages, the content and addressing information of the *Rohrabaugh et al.* are received from different network environments, and thus, cannot disclose "receive, from the first network environment, content and addressing information…."   The proxy server of *Rohrabaugh et al.,* at best, discloses receiving a request to retrieve content, whereby location of the content (which the Examiner equates to the addressing information) is from one network environment (i.e., client side), and the content is received from another network environment (i.e., network site).

In another embodiment, the process is initiated by a client, wherein the client sends a content request directly to the network site (See. *Rohrabaugh et al,* Col. 9, lines 56– Col. 9, lines 58), wherein the retrieved content may be stored locally to the server at the network site or retrieved from a remote server and are translated into scalable vector representations by HTML translator. (See. *Rohrabaugh et al,* Col. 10, lines 10– Col. 10, lines 16).   Again, the content and the addressing information are received from different network environments.

Furthermore, the addition of *Tamura et al.*, which is only relied upon for an alleged disclosure of determining to generate a signal specifying access information to access the content, does not cure the above discussed deficiencies of *Rohrabaugh et al.*

9

Attorney Docket No.: P3063US01                                                                              *Patent*

Therefore, independent claims 2, 11, and 19 are patentable over *Rohrabaugh et al.* and *Tamura et al.*  Additionally, dependent claims 3-10, 12-18, 20, and 21 are also patentable over *Rohrabaugh et al.* and *Tamura et al.*, for at least the reasons put forth for the corresponding independent claims.   These dependent claims are also patentable on their own merits.

Therefore, the present application, as amended, overcomes the objections and rejections of record and is in condition for allowance.  Favorable consideration is respectfully requested.  If any unresolved issues remain, it is respectfully requested that the Examiner telephone the undersigned attorney at (703) 519-9952 so that such issues may be resolved as expeditiously as possible.

To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made.  Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

                                        Respectfully Submitted,

                                        DITTHAVONG MORI & STEINER, P.C.

<u>July 20, 2011</u>                <u>/Phouphanomketh Ditthavong/</u>
Date                              Phouphanomketh Ditthavong
                                    Attorney/Agent for Applicant(s)
                                    Reg. No. 44658

918 Prince Street
Alexandria, VA   22314
Tel. (703) 519-9952
Fax (703) 519-9958