# Exhibit 731-5



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/930,285 | 08/31/2004 | Visweswararao Durga | LUC-504/Durga 2-11 | 7331 |

| 47382 | 7590 | 10/22/2008 |
|---|---|---|

PATTI , HEWITT & AREZINA LLC
ONE NORTH LASALLE STREET
44TH FLOOR
CHICAGO, IL 60602

| EXAMINER |
|---|
| GAUTHIER, GERALD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/22/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/930,285 | DURGA ET AL. |
| | Examiner | Art Unit |
| | Gerald Gauthier | 2614 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>17 September 2008</u>.
2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-23</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☒ Claim(s) <u>18-23</u> is/are allowed.
6) ☒ Claim(s) <u>1-17</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 10/930,285 Page 2
Art Unit: 2614

## DETAILED ACTION

### *Claim Rejections - 35 USC § 103*

1. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2. The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

   1. Determining the scope and contents of the prior art.
   2. Ascertaining the differences between the prior art and the claims at issue.
   3. Resolving the level of ordinary skill in the pertinent art.
   4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

3. This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

4. **Claims 1-17** are rejected under 35 U.S.C. 103(a) as being unpatentable over Strauss et al. (US 5,864,612) in view of Rhodes (US 6343120 B1).

Application/Control Number: 10/930,285                                                                 Page 3
Art Unit: 2614

    Regarding **claim 1**, Strauss discloses a method for network support for providing caller flexibility information of a calling terminal [column 1, lines 5-9], comprising the steps of:

    entering a command to use at least one of an alternate caller name, an alternate caller number and an alternate caller message for a calling terminal, instead of a preassigned caller name and caller number for the calling terminal [The dialed access code may be one of a plurality of codes for which triggers have been set in the SSP and that correspond to options set in the calling subscriber's CPR. As examples, "*60" may correspond to providing name in place of telephone number to the called station of a standard caller ID subscriber, column 8, lines 19- 32]; and

    using the at least one of an alternate caller name, an alternate caller number and an alternate caller message in place of the preassigned caller name and caller number for the calling terminal [The ISCP, at step 221, then formulates a return message, including appropriate caller ID information, to the terminating SSP to complete the call, column 9, lines 3-13].

    Strauss fails to disclose looking up, based on at least one of a time and day.

    However, Rhodes teaches looking up, based on at least one of a time and day, the at least one of an alternate caller name, an alternate caller number and an alternate caller message, the at least one of an alternate caller name, an alternate caller number and alternate caller message being changeable by ay least one calling terminal and a network [calling parties will be provided with flexibility in identifying themselves or selecting from among different identifications or messages to be transmitted to a party

Application/Control Number: 10/930,285 Page 4
Art Unit: 2614

for whom calling party identification number is displayed. This will allow calling parties to customize their identifications to meet needs as they arise for different callers at different times, column 5, line 31 to column 6, line 8].

Therefore, it would have been obvious to one of the ordinary skill in the art at the time the invention was made to modify the invention of Strauss using the alias configuration as taught by Rhodes.

This modification of the invention enables the system to have alias based on the time because adding the teaching of time would give the caller more flexibility in identifying himself.


Regarding **claims 2 and 11**, Strauss discloses a method, wherein the calling terminal is one of a mobile terminal and a non-mobile terminal [column 5, lines 26-40].

Regarding **claims 3 and 13**, Strauss discloses a method, wherein the command is entered by the calling terminal [column 8, lines 20-31].

Regarding **claims 4**, Strauss discloses a method, wherein the calling terminal is in a network, and wherein the command is entered by the network [column 8, lines 20-31].

Application/Control Number: 10/930,285 Page 5
Art Unit: 2614

Regarding **claim 5**, Strauss discloses a method, wherein the at least one of an alternate caller name, an alternate caller number and an alternate caller message is stored in a database in the network [column 8, lines 20-31].

Regarding **claims 6 and 14**, Strauss discloses a method, wherein the database in which is stored the at least one of an alternate caller name, an alternate caller number and an alternate caller message is a dynamic database, and wherein the at least one of an alternate caller name, an alternate caller number and an alternate caller message is changeable by at least one of the calling terminal and the network [column 8, lines 32-50].

Regarding **claims 7 and 15**, Strauss discloses a method, wherein the at least one of an array of alternate caller names, an array of alternate caller numbers and an array of alternate caller messages is stored in a database in the network for the calling terminal [column 8, lines 32-50].

Regarding **claims 8 and 16**, Strauss discloses a method, wherein the database in which is stored the at least one of an array of alternate caller names, an array of alternate caller numbers and an array of alternate caller messages is a dynamic database, and wherein the at least one of an array of alternate caller names, an array of alternate caller numbers and an array of alternate caller messages is changeable by at least one of the calling terminal and the network [column 8, lines 20-31].

Regarding **claims 9 and 17**, Strauss discloses a method, wherein one of the following is used for the calling terminal: an alternate caller name; an alternate caller number; an alternate caller message; an alternate caller name and an alternate caller number; an alternate caller name and an alternate caller message; an alternate caller number and an alternate caller message; and an alternate caller name, an alternate caller number, and an alternate caller message [column 8, lines 51-62].

Regarding **claim 10**, Strauss in combination with Rhodes disclose all the limitations of claim 10 as stated in claim 1's rejection above.

Furthermore Strauss discloses storing for a calling terminal at least one of an alternate caller name, an alternate caller number and an alternate caller message in a database in the network [The LIB data base contains all relevant identifying information for each subscriber line, column 8, lines 33-50].

### *Allowable Subject Matter*

5.     **Claims 18-23** are allowed.

### *Response to Arguments*

6.     Applicant's arguments with respect to **claims 1-23** have been considered but are moot in view of the new ground(s) of rejection.

Application/Control Number: 10/930,285 Page 7
Art Unit: 2614

## *Conclusion*

7.      Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

8.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to Gerald Gauthier whose telephone number is (571) 272-7539. The examiner can normally be reached on 8:00 AM to 4:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Fan Tsang can be reached on (571) 272-7547. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/930,285 Page 8
Art Unit: 2614

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Gerald Gauthier/
Primary Examiner, Art Unit 2614

/GG/
October 22, 2008