# Exhibit 892-2

PATENT                                                                Docket No. 356952.00021

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| INVENTORS: | Petter Karlsson et al. | Confirmation No. **8879** |
| APPLICATION NO. | 11/550,555 | |
| FILED: | October 18, 2006 | Examiner: **K. Karikari** |
| CASE NO. | 356952.00021 | Group Art Unit: **2617** |
| TITLE: | METHOD OF PROVIDING ACCESS TO PRESENCE RELATED INFORMATION | |

## FILED ELECTRONICALLY ON February 12, 2009

MAIL STOP AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### REPLY AND AMENDMENT UNDER 37 C.F.R. §1.116
### TO EXAMINER'S FINAL ACTION MAILED DECEMBER 12, 2008

Sir:

This is in response to the final Office Action mailed December 12, 2008, having a period for response set to expire on March 12, 2009. The following amendments and remarks are respectfully submitted.

Amendments to the claims begin on page 2 of this paper; Remarks begin on page 6 of this paper.

1137166.1 2/12/09

PATENT                                                              Docket No. 356952.00021
Application No. 11/550,555                                                           Page 2

**In the Claims**

1. (Currently amended)  A method of providing access to Presence information comprising the following steps:

(a) storing Presence information for a user ~~and making that information accessible to others~~;

(b) receiving a request for access to said Presence information from an entity;

(c) allowing or denying access to said Presence information based on a pre-defined list;

~~(b)~~ (d) logging the identity of any entity that requests, [[or]] accesses, or is denied access to the Presence information;

~~(c)~~ (e) automatically providing data to a wireless information device operated by the user to enable that device to display the identity of the entity that requested, [[or]] accessed, or was denied access to the Presence information; ~~wherein said Presence information includes one or more of device status, current user activity and a preferred contact method of said user~~.

2. (Original) The method of Claim 1 in which Presence information is stored at a server remote from the device and the time of request or access is logged at the server and then automatically provided by the server to the device by being sent to the device for display on the device.

3. (Original) The method of Claim 1 in which Presence information is stored on the device, the time of request or access is logged on the device and then provided internally within the device for display on the device.

4. (Original) The method of Claim 1 in which the kind of Presence information requested or accessed is logged and automatically provided to the device for display on the device (i) instantly when an entity requests or accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the device.

1137166.1 2/12/09

PATENT  
Application No. 11/550,555

Docket No. 356952.00021  
Page 3

5. (Original) The method of Claim 1 in which the step of storing and logging Presence information takes places at a server based database, programmed to automatically send some or all of the logged information to the wireless information device.

6. (Original) The method of Claim 1 comprising the step of providing an entity accessing Presence information with the option of leaving a message to be sent to the user.

7. (Currently amended) A wireless information device programmed to:

~~(a)~~ receive data defining the identity of any entity that has requested, [[or]] accessed, or been denied access to Presence information relating to the user of the device;

~~(b)~~ display that identity together with an indication that Presence information has been sought or accessed~~; wherein~~

~~said Presence information includes one or more of device status, current user activity and a preferred contact method of said user~~.

8. (Original) The wireless information device of Claim 7 programmed to:

(a) receive data defining the time at which Presence information was requested or accessed;

(b) display that time.

9. (Original) The wireless information device of Claim 7 programmed to:

(a) receive data defining the kind of Presence information that was requested or accessed;

(b) display the kind of Presence information accessed.

10. (Original) The wireless information device of Claim 7 in which the identity of the entity that has requested or accessed the Presence information is displayed on the wireless information device together with a user selectable option to contact that entity using voice or message based communication.

**PATENT**                                                             **Docket No. 356952.00021**
**Application No. 11/550,555**                                    **Page 4**

11. (Original) The wireless information device of Claim 7 programmed to display user selectable options defining when the data is to be received from a server.

12. (Original) The wireless information device of Claim 11 programmed to display some or all of the following options defining when the data is to be received from a server: (i) instantly when an entity requests or accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the device.

13. (Currently amended) A computer readable medium, comprising instructions for:

~~(a)~~ receiving data on a wireless information device, said data defining an identity of an entity that has requested, [[or]] accessed, or been denied access to Presence information relating to a user of the device;

~~(b)~~ displaying on said wireless information device said identity of an entity together with an indication that Presence information has been sought or accessed; ~~wherein said Presence information includes one or more of device status, current user activity and a preferred contact method of said user~~.

14. (Original) The computer readable medium of claim 13 further comprising instructions for:

(a) receiving data defining a time at which said Presence information was requested or accessed;

(b) displaying said time.

15. (Original) The computer readable medium of claim 13 further comprising instructions for:

(a) receiving data defining a kind of said Presence information that was requested or accessed;

(b) displaying said kind of Presence information accessed.

1137166.1 2/12/09

**PATENT**  Docket No. 356952.00021
**Application No. 11/550,555**  Page 5

16. (Original) The computer readable medium of claim 13 further comprising instructions for:

(a) displaying said identity of an entity that has requested or accessed said Presence information on the wireless information device together with a user selectable option to contact that entity using voice or message based communication.

17. (Original) The computer readable medium of claim 13 further comprising instructions for: displaying user selectable options defining when the data is to be received from a server.

18. (Previously presented) The computer readable medium of claim 17 wherein said instructions for displaying user selectable options defining when the data is to be received from a server further comprise options for receiving said data (i) instantly when an entity requests or accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the device.

PATENT  
Application No. 11/550,555

Docket No. 356952.00021  
Page 6

# REMARKS

In the Office Action, the Examiner indicated that claims 1 through 18 are pending in the application and the Examiner rejected all of the claims.

## Rejections under 35 U.S.C. §§102 and 103

On page 2 of the Office Action, the Examiner rejected claims 1, 4, 5, 7, 9, 13 and 15 under 35 U.S.C. §102(b) as being anticipated by U.S. Patent No. 6,311,069 to Havinis et al.

On page 5 of the Office Action, the Examiner has rejected claims 2, 3, 8 and 14 under 35 U.S.C. §103(a) as being unpatentable over Havinis in view of U.S. Patent Application Publication No. 20030008659 to Waters et al. On page 6 of the Office Action, the Examiner has rejected claims 6, 10-12, and 16-18 under 35 U.S.C. §103(a) as being unpatentable over Havinis in view of U.S. Patent Application Publication No. 20020090911 to Evans et al.

### The Cited Prior Art Does Not Anticipate the Claimed Invention

The MPEP and case law provide the following definition of anticipation for the purposes of 35 U.S.C. §102:

> "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." (*Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987) M.P.E.P. §2131.

### The Examiner Has Not Established a *Prima Facie* Case of Anticipation

The Examiner has rejected independent claims 1, 7, and 13 (as well as some of the dependent claims) under 35 USC §102(b) as being anticipated by Havinis et al. Applicant respectfully disagrees with the Examiner's characterization of the teachings of Havanis.

1137166.1 2/12/09

**PATENT**  Docket No. 356952.00021
Application No. 11/550,555  Page 7

Applicant has amended the independent claims to clarify the differences between the present invention and the disclosures of Havinis et al. The amendments and the Havanis patent are discussed in more detail below.

First, Applicant points out significant differences between the claimed invention and the disclosures of Havinis et al.

**Havinis et al.**

Havinis et al discloses the following method for accessing position information.

First, an entity issues a request for position information for a target mobile station (MS) (column 5 lines 27 - 41).

Optionally, once the entity has issued the request for position information, the system can check whether or not that particular entity is allowed access to the position information of the entity in question (column 5 lines 46 - 65).

If it is determined that the entity in question is allowed access to position information of the MS, a request message is sent to the MS (column 6 line 1 - 4). At this point, the identity of the requesting entity is displayed on the MS and the user is required to either accept or reject the request for information (column 6 line 4 - 12).

There are at least two points to note here. First, the identity of a requesting entity is only displayed if it passes the first check, as noted above. Second, the identity of the entity making the request is only displayed in order for the user to accept or reject the request.

Ultimately, the requesting entity is either allowed or denied access to the position information.

PATENT                                                                    Docket No. 356952.00021
Application No. 11/550,555                                                                     Page 8

**The Claimed Invention**

With the claimed invention, an entity makes a request for presence information in connection with a particular user. Following this, an initial check is made to determine whether to allow or deny access to the requesting entity (page 4, lines 9 - 14). This allows a user to set up the system to automatically reject requests from certain entities.

Following this, any entity which passes the initial test is allowed access to presence information. Importantly, the user is not required to accept or reject any such requests.

The system generates a log of all entities which access presence information as well as those entities which have been denied access to presence information. This information is then passed to the user's device so that the user can see which entities have accessed presence information and which entities have been denied access to presence information (page 4, lines 9 - 14).

This system is clearly quite different to that disclosed by Havinis et al. With the claimed invention, a user is not required to grant or deny access whenever there is a request for presence information. Also, the system/method of the claimed invention is arranged to display the details of entities which have been denied access to presence information as well as those which have accessed presence information.

An advantage of the claimed invention is that a user is always made aware of the entities which have accessed, or which have been denied access to, presence information. This means that a user is aware of all of those individuals who have tried to access his or her presence information.

1137166.1 2/12/09

PATENT                                                          Docket No. 356952.00021
Application No. 11/550,555                                                        Page 9

Havinis can be contrasted with the present invention at least because it only displays the identity of entities which pass the initial test and which require a decision from the user.

**Claim 1**

Claim 1 has been amended to clarify the differences between the present invention and Havinis et al. In particular, claim 1 now specifically recites the fact that requests for presence information can be allowed or denied based on a pre-defined list. Support for this amendment can be found on page 4, lines 9 - 14.

Further, claim 1 has been amended to clarify that the identity of entities that access presence information or that are denied access to presence information are logged. Additionally, information relating to these entities is automatically provided to the users wireless information device.

The particular types of presence information which may be accessed by an entity are no longer defined in independent claim 1.

In view of the above, it is submitted that independent claim 1 patentably defines over Havanis et al. Corresponding amendments have been made to independent claims 7 and 13 and it is submitted that these claims also patentably define over Havanis. Since none of the independent claims are anticipated by Havanis et al., none of the claims are anticipated by Havanis et al. and are thus all in condition for allowance. The Examiner is respectfully requested to reconsider and withdraw the rejection of claims 1, 4, 5, 7, 9, 13, and 15 under 35 U.S.C. §102.

1137166.1 2/12/09

PATENT                                                                                              Docket No. 356952.00021
Application No. 11/550,555                                                                                              Page 10

### Rejections Under 35 U.S.C. §103

The combination of Havanis with Waters and/or Evans, alone or in combination, does not render the claims obvious under 35 U.S.C. §103. None of the references provide the aspects of the claimed invention that are indicated above as missing from Havanis. They neither teach or suggest the invention as now claimed, and provide no reasonable basis to support a conclusion of obviousness with respect to the amended claims. Accordingly, for the reasons set forth above, all of the claims patentably define over the cited references and are in condition for allowance. The Examiner is respectfully requested to reconsider and withdraw the rejection of claims 2, 3 6, 8, 10-12, 14, and 16-18 under 35 U.S.C. §103.

### Conclusion

The present invention is not taught or suggested by the prior art. Accordingly, the Examiner is respectfully requested to reconsider and withdraw the rejection of the claims. An early Notice of Allowance is earnestly solicited.

The Commissioner is hereby authorized to charge any fees associated with this communication to applicant's Deposit Account No. 50-4364.

                                                                                              Respectfully submitted

February 12, 2009                                                              /Mark D. Simpson/
Date                                                                                              Mark D. Simpson, Esquire
                                                                                              Registration No. 32,942

SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2189
Telephone: 215 972 7880
Facsimile: 215 972 4169
Email: MSimpson@saul.com

1137166.1 2/12/09