# Exhibit 320-5

Attorney Docket No.: P3812US00                                                                                          *Patent*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Application of: | Melanie Larson *et al.* | Confirmation No.: | 5216 |
| Application No.: | 12/708,786 | Examiner: | HO, RUAY L |
| Filed: | February 19, 2010 | Group Art Unit: | 2175 |

For:   METHOD AND APPARATUS FOR NAVIGATING SERVICES

Commissioner for Patents
Alexandria, VA 22313-1450

## RESPONSE UNDER 37 C.F.R. § 1.111

Dear Commissioner:

      In response to the Office Action dated October 29, 2012, please amend this application as follows.

      AMENDMENT AND PRESENTATION OF CLAIMS ..................................................... 2

      REMARKS ............................................................................................................................ 7

1

Attorney Docket No.: P3812US00                                                                                          *Patent*

## AMENDMENT AND PRESENTATION OF CLAIMS

Please replace all prior claims in the present application with the following claims.

1. (Currently Amended) A method comprising:

receiving location information associated with a device;

selecting, via a processor, menu items associated with two or more <u>different</u> services based on the location information; and

causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more <u>different</u> services,

wherein the menu items are associated with the two or more <u>different</u> services that are available to the device based on the location ~~information, and~~ <u>information,</u> ~~the services include music services, video services, picture services, news services, social networking services, purchase related services, electronic mail services, calendar services, and file management services~~

<u>wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.</u>

2. (Original) A method of claim 1, further comprising:

determining whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

Attorney Docket No.: P3812US00                                                                                           *Patent*

3. (Original) A method of claim 1, further comprising:

determining copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof.

4. (Original) A method of claim 1, further comprising:

determining a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

5. (Original) A method of claim 1, further comprising:

determining a language based on the location information,

wherein the selected menu items are presented in the determined language.

6. (Original) A method of claim 1, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, a location service, or a combination thereof.

7. (Original) A method of claim 1, wherein the services or provided over one or more content delivery networks.

8. (Original) A method of claim 1, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

Attorney Docket No.: P3812US00 *Patent*

9. (Original) A method of claim 1, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

10. (Original) A method of claim 1, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

11. (Currently Amended) An apparatus comprising:

at least one processor; and

at least one memory including computer program code,

the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus to perform at least the following,

receive location information associated with a device;

select menu items associated with two or more <u>different</u> services based on the location information; and

cause, at least in part, presentation of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more <u>different</u> services,

wherein the menu items are associated with the two or more <u>different</u> services available to the device based on the location ~~information, and~~ <u>information,</u> ~~the services include music services, video services, picture services, news services, social networking services, purchase related services, electronic mail services, calendar services, and file management services~~

<u>wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.</u>

4

Attorney Docket No.: P3812US00 *Patent*

12. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

    determine whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

  wherein the selection of the menu items is based, at least in part, on the determination.

13. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

    determine copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

  wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof..

14. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

    determine a policy associated with the services, the location information, or a combination thereof,

  wherein the selection of the menu items is based, at least in part, on the policy.

15. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

  determine a language based on the location information,

  wherein the selected menu items are presented in the determined language.

Attorney Docket No.: P3812US00                                                                                                  *Patent*

16. (Original) An apparatus of claim 11, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, or a combination thereof.

17. (Original) An apparatus of claim 11, wherein the services or provided over one or more content delivery networks.

18. (Original) An apparatus of claim 11, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

19. (Original) An apparatus of claim 11, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

20. (Original) An apparatus of claim 11, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

Attorney Docket No.: P3812US00                                                                          Patent

# REMARKS

By this amendment, claims 1-20 are pending, in which claims 1 and 11 are currently amended. No new matter is introduced.

**Rejection Under 35 U.S.C. §102**

Claims 1-20 stand rejected under 35 U.S.C. §102(e) as being anticipated by Logan et al. (US 2010/0131558).

To anticipate a patent claim, the identical disclosure in a single reference of each element of a claimed invention, as those elements are set forth in the claims, is necessary such that the claimed invention is placed into the recognized possession of one having ordinary skill in the art. *Therasense Inc. v. Becton, Dickinson and Co.*, 593 F3d 1325 (Fed. Cir. 2010); *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1308, (Fed. Cir. 2008); *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358 (Fed. Cir. 2003); *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003), *Crown Operations International Ltd. v. Solutia Inc.*, 289 F.3d 1367 (Fed. Cir. 2002); *Candt Tech Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344 (Fed. Cir. 2001).

Additionally, "[u]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations **arranged or combined in the same way** as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102" (*see, Id. Therasense* quoting *Net moneyIN, Inc. v. VeriSign, Inc.*, 535 F.3d 1359 (Fed. Cir. 2008)) (emphasis added).

Although "inherent disclosure" is also a basis of anticipation, (*see, Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1365 (Fed. Cir. 1999)), it "does not alter the requirement that all elements must be disclosed in an anticipatory reference in the same way they are arranged or

7

combined in the claim" (*see, Id. Therasense,*). "[A]nticipation by inherent disclosure is appropriate only when the reference discloses prior art that must necessarily include the unstated limitation." (see, *Id.* quoting *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1373 (Fed. Cir. 2002)). "Inherency, however, **may not be established by probabilities or possibilities**. The mere fact that a certain thing may result from a given set of circumstances is not sufficient" *(see, Id.* quoting *In re Oelrich*, 666 F.2d 578, 581 (CCPA 1981)) (emphasis added).

While not conceding the appropriateness of the rejection, but merely to advance prosecution of the instant application, independent claim 1 is amended to delineate, *inter alia*:

> …,
> wherein the menu items are associated with the two or more <u>different</u> services that are available to the device based on the location <u>information,</u>
> <u>wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.</u>

Independent claim 11 is amended to delineate similar subject matter. This subject matter is supported by, for example, paragraphs [0044], [0045], [0049], and [0050] of Applicants' published application (US 2011/0209073).

The features recited in independent claims 1 and 11, as amended, are not disclosed in Logan et al. More specifically, Logan et al. does not disclose or suggest "at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device." Therefore, independent claims 1 and 11, as amended, are patentable over Logan et al.

8

Attorney Docket No.: P3812US00                                                                                                  *Patent*

Because claims 2-10 depend from amended independent claim 1 and claims 12-20 depend from amended independent claim 11, they are patentable over Logan et al. for at least the reason(s) discussed above, as well as for the additional features they recite.   For example, claim 5 delineates:

> …
> determining a language based on the location information,
> wherein the selected menu items are presented in the determined language.

Claim 15 delineates similar subject matter.   The Office Action alleges this is disclose in paragraph [0056] of Logan et al., which describes:

> [0056] ***A user reporting the business to the DUB 128 supplies identifying information similar to that contained in the CLD 124***, as will be described in greater detail below in reference to FIG. 3, ***to the extent he or she is able to gather such information. Other information, such as corporate offices or owners, can be obtained by the system or by the licensing organizations from public records***. (Emphasis added)

The Office Action does not explain, and Applicants cannot find any indication in this paragraph that selected menu items are presented in a language determined by received location information associated with the device (see claim 1).   More specifically, as described in paragraph [0056], ***a user*** reporting the business to the DUB (Database of Unlicensed Businesses) 128 ***supplies identifying information*** similar to that contained in the CLD (Copyright License Database) 124.   The Office Action does not identify, and Applicants cannot find where in Logan et al. there is a disclosure that the CLD contains languages associated with location information and that selected menu items are presented in the language determined as being associated with the received location information associated with the device.   Therefore, claims 5 and 15 are patentable over Logan et al. for this additional reason.

9

In view of the above, reconsideration of the rejection and allowance of claims 1-20, as amended, are respectfully solicited.

**Conclusion**

As Applicants' remarks with respect to the Examiner's rejections are sufficient to overcome these rejections, Applicants' silence as to assertions by the Examiner in the Office Action or certain requirements that may be applicable to such rejections (e.g., whether a reference constitutes prior art, ability to combine references, assertions as to patentability of dependent claims) is not a concession by Applicants that such assertions are accurate or such requirements have been met, and Applicants reserves the right to analyze and dispute such in the future.

Therefore, the present application, as amended, overcomes the objections and rejections of record and is in condition for allowance. Favorable consideration is respectfully requested. If any unresolved issues remain, it is respectfully requested that the Examiner telephone the undersigned attorney at (703) 519-9952 so that such issues may be resolved as expeditiously as possible.

Attorney Docket No.: P3812US00                                                                                     *Patent*

      To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made. Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

                                           Respectfully Submitted,

                                           DITTHAVONG MORI & STEINER, P.C.

<u>January 14, 2013</u>                <u>/Edward J. Wise/</u>
Date                               Edward J. Wise
                                      Attorney/Agent for Applicant(s)
                                      Reg. No. 34,523

                                      Phouphanomketh Ditthavong
                                      Attorney/Agent for Applicant(s)
                                      Reg. No. 44,658

44 Canal Center Plaza
Suite 322
Alexandria, VA 22314
Tel. (703) 519-9951
Fax (703) 519-9958

11