# Exhibit 320-6



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/708,786 | 02/19/2010 | Melanie Larson | P3812US00 | 5216 |

11764          7590          01/25/2013
Ditthavong Mori & Steiner, P.C.
44 Canal Center Plaza
Suite 322
Alexandria, VA 22314

| EXAMINER |
|---|
| HO, RUAY L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2175 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/25/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@dcpatent.com
ipadmin@dcpatent.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 12/708,786 | LARSON ET AL. |
| | Examiner | Art Unit | |
| | RUAY HO | 2175 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>14 January 2013</u>.

2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>1-20</u> is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-20</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    \* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 12/708,786                                          Page 2
Art Unit: 2175

## DETAILED ACTION

### *Response to Amendment*

1.      According to paper filed January 14, 2013, claims 1-20 are pending. Claims 1

and 11 are amended. No claim is canceled or added.


### *Response to Arguments*

2.      Applicants' arguments filed January 14, 2013 have been fully considered but they

are not persuasive.

        After teaching the examiner about patent laws with lengthy discussions,

applicants get to the outstanding claim rejections under 35 U.S.C. §102(e) and argue

that "**[w]hile not conceding the appropriateness of the rejection, but merely to advance prosecution of the**

**instant application, independent claim 1 is amended to delineate, inter alia: ... Independent claim 11 is**

**amended to delineate similar subject matter.**" Accordingly, a new reference, *Jheng*, is cited in

the present Office action.

        Applicants further argue that claims 5 and 15 are not anticipated by Logan

paragraph [0056], "**[t]he Office Action does not explain, and Applicants cannot find any indication in this**

**paragraph that selected menu items are presented in a language determined by received location information**

**associated with the device.**" Said argument is not persuasive because Logan indeed disclose

the appropriate "language" for the users, paragraph [0082] is cited in the present Office

action. Applicants are advised to review the entirety of the cited reference.

        Furthermore, if applicants intended to argue the "language determined by the

location information" to be foreign languages, the claim languages need to be explicitly

recited as such.

Application/Control Number: 12/708,786                                          Page 3
Art Unit: 2175

### *Claim Rejections - 35 USC § 103*

3.     The following is a quotation of 35 U.S.C. §103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.     This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. §103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. §103(c) and potential 35 U.S.C. §102(e), (f) or (g)

prior art under 35 U.S.C. §103(a).

5.     Claims 1-20 are rejected under 35 U.S.C. §103(a) as being unpatentable over

Logan et al. (US 2010/0131558), hereinafter Logan, and further in view of Jheng (US

2009/0178005), Jheng.

### Claim 1

"receiving location information associated with a device" *Logan p.5 [0065]; in said*

*paragraph, "a menu of possible locations can be provided to the user's device for selection of the*

*proper location" is disclosed;*

Application/Control Number: 12/708,786                                    Page 4
Art Unit: 2175

"selecting, via a processor, menu items associated with two or more different services based on the location information" *Jheng p.2 [0024]; in said paragraph, "all menu items of a service menu" and "storage device 140 store … service information 144, location information 146 and association network information 148" are disclosed;*

"causing, at least in part, presentation, via a processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services" *Logan p.3 [0036], in line 4 of paragraph [0036], a "browser" is disclosed; according to the disclosure [0026], a concrete example is given as "a navigation bar" for bridge.*

"the menu items are associated with the two or more different services that are available to the device based on the location information" *Jheng p.2 [0024]; in said paragraph, "all menu items of a service menu" and "storage device 140 store … service information 144, location information 146 and association network information 148" are disclosed;*

"at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device" *Jheng p.1 [0008]; in said paragraph, "the menu item of a service menu is disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable, preventing a user from requesting the service via the menu item" is disclosed; the "disablement" of a menu item is an indication of the unavailability of such an item.*

Although Logan and Jheng disclose the same subject matter as claimed, Logan

Application/Control Number: 12/708,786                                          Page 5
Art Unit: 2175

does not specifically spell out the "menu items associated with two or more different
services" as recited in the above limitation. However, it is disclosed by Jheng in page 2
paragraph [0024]. Hence, it would have been obvious to one ordinary skilled in the art at
the time the present invention was made to incorporate said feature of Jheng into the
System And Method For Managing Copyright Licensing of Logan to enhance its service
menu displaying functions.

### Claim 2

"determining whether the services are illegal, regulated, restricted, or a combination
thereof with respect to the location information, wherein the selection of the menu items
is based, at least in part, on the determination" Logan p.3 [0035][0039] & p.5 [0065].

### Claim 3

"determining copyright issues, licensing issues, or a combination thereof with respect to
the services and the location information, wherein the selection of the menu items is
based, at least in part, on the copyright issues, licensing issues, or combination thereof"
Logan p.3 [0035][0039] & p.5 [0065].

### Claim 4

"determining a policy associated with the services, the location information, or a
combination thereof, wherein the selection of the menu items is based, at least in part,
on the policy" Logan p.3 [0035][0039].

### Claim 5

"determining a language based on the location information, wherein the selected menu
items are presented in the determined language" Logan p.4 [0082].

Application/Control Number: 12/708,786                                                Page 6
Art Unit: 2175

**Claim 6**

"the location information is obtained by a reverse lookup of an identifier of the device, a

location sensor, a network location, a location service, or a combination thereof" Logan

p.2 [0028][0029].

**Claim 7**

"the services or provided over one or more content delivery networks" Logan p.5 [0060].

**Claim 8**

"the bridge is presented as a navigation bar in a web page associated with at least one

of the services" Logan p.3 [0036] & p.4 [0058].

**Claim 9**

"the bridge is a code module that is separate and reusable for rendering web pages

associated with the services" Logan p.3 [0036] & p.4 [0058].

**Claim 10**

"the bridge is an operating system element linking to at least one application associated

with at least one of the services" Logan p.8 [0103][0104].

**Claims 11-20**

Claims 11-20 are rejected for the rationale given for claims 1-10 respectively.

*Conclusion*

6.      Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

Application/Control Number: 12/708,786                                    Page 7
Art Unit: 2175

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.


7.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.


8.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to RUAY HO whose telephone number is (571) 272-6088;

RightFax number is (571) 273-6088.  The examiner can normally be reached on

Monday-Friday (9 AM - 5 PM EST).

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, William Bashore can be reached on (571) 272-4088.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 12/708,786                                      Page 8
Art Unit: 2175

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov.

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like

assistance from a USPTO Customer Service Representative or access to the

automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-

1000.

/RUAY  HO/
Primary Examiner, Art Unit 2175