# Exhibit 320-7

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re Application of: | Melanie Larson *et al.* | Confirmation No.: | 5216 |
| Application No.: | 12/708,786 | Examiner: | Ruay L. Ho |
| Filed: | February 19, 2010 | Group Art Unit: | 2175 |

For: METHOD AND APPARATUS FOR NAVIGATING SERVICES

**MAIL STOP AF**
Commissioner for Patents
Alexandria, VA 22313-1450

**RESPONSE UNDER 37 C.F.R. § 1.116**

Dear Commissioner:

In response to the Final Office Action dated January 25, 2013, please reconsider the above-identified application based on the following:

AMENDMENT AND PRESENTATION OF CLAIMS .................................................. 2

REMARKS .............................................................................................................. 7

**AMENDMENT AND PRESENTATION OF CLAIMS**

Please replace all prior claims in the present application with the following claims.

1. (Previously Presented) A method comprising:

receiving location information associated with a device;

selecting, via a processor, menu items associated with two or more different services based on the location information; and

causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services,

wherein the menu items are associated with the two or more different services that are available to the device based on the location information,

wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.

2. (Original) A method of claim 1, further comprising:

determining whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

3. (Original) A method of claim 1, further comprising:

determining copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof.

4. (Original) A method of claim 1, further comprising:

determining a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

5. (Original) A method of claim 1, further comprising:

determining a language based on the location information,

wherein the selected menu items are presented in the determined language.

6. (Original) A method of claim 1, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, a location service, or a combination thereof.

7. (Original) A method of claim 1, wherein the services or provided over one or more content delivery networks.

8. (Original) A method of claim 1, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

9. (Original) A method of claim 1, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

10. (Original) A method of claim 1, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

11. (Previously Presented) An apparatus comprising:

at least one processor; and

at least one memory including computer program code,

the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus to perform at least the following,

receive location information associated with a device;

select menu items associated with two or more different services based on the location information; and

cause, at least in part, presentation of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services,

wherein the menu items are associated with the two or more different services available to the device based on the location information,

wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.

12. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

13. (Currently Amended) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination ~~thereof..~~ thereof.

14. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

15. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine a language based on the location information,

wherein the selected menu items are presented in the determined language.

16. (Original) An apparatus of claim 11, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, or a combination thereof.

17. (Original) An apparatus of claim 11, wherein the services or provided over one or more content delivery networks.

18. (Original) An apparatus of claim 11, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

19. (Original) An apparatus of claim 11, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

20. (Original) An apparatus of claim 11, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

## REMARKS

By this amendment, claims 1-20 are pending, in which claim 13 is currently amended to correct a minor typographical error. No new matter is introduced.

The Final Office Action mailed January 25, 2013 rejected claims 1-20 as obvious under 35 U.S.C. § 103(a) based on *Logan et al.* (US 2010/0131558) in view of *Jheng* (US 2009/0178005). The rejection is respectfully traversed.

Applicants respectfully disagree with the Final Office Action's assertions and conclusion of obviousness. For example, *Logan et al.* and *Jheng*, taken individually or in combination, at least fail to disclose or render obvious "wherein at least one menu item associated with the two or more different services is **presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device**," as recited in independent claim 1. Independent claim 11 recites similar features in varying scope. As will be set forth in more detail below, the Final Office Action's conclusion regarding obviousness is supported by no facts, rendering it legally deficient.

Initially, the Final Office Action (per pages 4 and 5) asserts the following (emphasis added):

> Although Logan and Jheng <u>disclose the same subject matter as claimed</u>, Logan does not specifically spell out the 'menu items associated with two or more different services' as recited in the above limitation. However, it is disclosed by Jheng in page 2 paragraph [0024].

Applicants respectfully disagree with the Final Office Action's assertions. As seemingly acknowledged by the Final Office Action, the primary reference to *Logan et al.* does <u>not</u> describe at least one menu item associated with two or more **different services**. In addition, and contrary

to the Final Office Action's assertions *Jheng* does not remedy the above deficiencies of *Logan et al.*

Further, neither of the applied references disclose or even suggest, wherein **at least one menu** item **associated with** the two or more **different services is presented** in a manner indicating that the at least one menu item is **unavailable to the device at the location indicated by the location information** associated with the device. The Final Office Action, again seemingly acknowledges that the primary reference to *Logan et al.* fails to disclose such features and relies on paragraph [0008] of *Jheng* for allegedly teaching such features. However, the Final Office Action's reliance on *Jheng*, as well as the assertions of the Final Office Action are simply misguided. Paragraph [0008] of *Jheng*, in pertinent part, discloses (emphasis added):

> [0008] An embodiment of the invention also provides a method for altering MMI configurations for use in a device. The method comprises the following steps. A status of a service is queried after detecting that an inspection condition is satisfied. The queried status is acquired from the currently associated network. A menu item of a service menu is enabled when the queried status indicates that the service is available. Otherwise, the menu item of the service menu is disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable, preventing a user from requesting the service via the menu item.

Paragraph [0008] of *Jheng*, at best, merely teaches that a menu item of a service menu is enabled when the queried status indicates that the service is available, and that the menu item of the service menu is disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable. However, paragraph [0008] of *Jheng*, much less the entire disclosure, does not explicitly teach that menu item of *Jheng* is (1) associated with two or more **different services**, and (2) is **presented in a manner indicating** that the menu item of *Jheng* is unavailable to a device of *Jheng* **at a location indicated by location information associated with the device**.

Thus, for at least the above reasons, *Logan et al.* and *Jheng* fail to disclose or render obvious all of the features of independent claims 1 and 11. Therefore, independent claims 1 and 11 are patentable over *Logan et al.* and *Jheng.* In addition, dependent 2-10 and 12-20 also are patentable over *Logan et al.* and *Jheng*, for at least the reasons independent claims 1 and 11 are patentable, from which they respectively depend, as well as for the additional features these claims recite.

For example, dependent claim 5 recites "determining a language based on the location information" and "wherein the selected menu items are presented in the determined language." Dependent claim 15 recites similar features in varying scope. As previously argued, *Logan et al.* does not remotely disclose such features. In addition, the secondary reference to *Jheng* also fails to disclose or even suggest these features.

Therefore, the present application, as amended, overcomes the rejection of record and is in condition for allowance. Favorable consideration is respectfully requested. If any unresolved issues remain, it is respectfully requested that the Examiner telephone the undersigned attorney at (703) 519-9952 so that such issues may be resolved as expeditiously as possible.

As Applicants' remarks with respect to the Examiner's rejections are sufficient to overcome these rejections, Applicants' silence as to assertions by the Examiner in the Office Action or certain requirements that may be applicable to such rejections (e.g., whether a reference constitutes prior art, ability to combine references, assertions as to patentability of dependent claims) is not a concession by Applicants that such assertions are accurate or such requirements have been met, and Applicants reserve the right to analyze and dispute such assertions in the future.

To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made. Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

Respectfully Submitted,

DITTHAVONG MORI & STEINER, P.C.

March 25, 2013
Date

/Lenwood Faulcon, Jr./
Lenwood Faulcon, Jr.
Attorney/Agent for Applicant(s)
Reg. No. 61310

Phouphanomketh Ditthavong
Attorney/Agent for Applicant(s)
Reg. No. 44658

44 Canal Center Plaza
Suite 322
Alexandria, VA 22314
Tel. (703) 519-9951
Fax (703) 519-9958