# Exhibit 320-8

Attorney Docket No.: P3812US00                                         *Patent*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE PATENT TRIAL AND APPEAL BOARD

| | |
|---|---|
| In re Application of:  Melanie LARSON *et al.* | Confirmation No.: 5216 |
| Application No.:  12/708,786 | Examiner:  Ruay L. HO |
| Filed:  February 19, 2010 | Group Art Unit:  2175 |

For:      METHOD AND APPARATUS FOR NAVIGATING SERVICES

Commissioner for Patents
Alexandria, VA 22313-1450

## APPEAL BRIEF

Dear Commissioner:

This Appeal Brief is submitted in support of the Notice of Appeal dated April 24, 2013.

## I.      REAL PARTY IN INTEREST

The real party in interest is Nokia Corporation, a corporation organized under the laws of Finland and having a place of business at Keilalahdentie 4, FIN-02150 Espoo, Finland.  The above referenced patent application is assigned to Nokia Corporation.

## II.      RELATED APPEALS AND INTERFERENCES

Appellants are unaware of any related appeals and interferences.

## III.      SUMMARY OF THE CLAIMED SUBJECT MATTER

The following summary of the presently claimed subject matter indicates certain portions of the specification (including the drawings) that provide examples of embodiments of elements

Attorney Docket No.:  P3812US00                                        *Patent*

of the claimed subject matter.  It is to be understood that other portions of the specification not cited herein may also provide examples of embodiments of elements of the claimed subject matter.  It is also to be understood that the indicated examples are merely examples, and the scope of the claimed subject matter includes alternative embodiments and equivalents thereof. References herein to the specification are thus intended to be exemplary and not limiting.

The present invention addresses problems associated with navigation bars being static and not reacting to contextual changes that may affect content.

Independent claim 1 recites:

A method comprising:

receiving location information associated with a device; (see, e.g., Fig. 4, step 401; ¶ [0041])

selecting, via a processor, menu items associated with two or more different services based on the location information; (see, e.g., Fig. 4, step 403; ¶ [0042])

 and

causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services, (see, e.g., Fig. 4, step 407; ¶¶ [0020], [0021])

wherein the menu items are associated with the two or more different services that are available to the device based on the location information, (see, e.g., ¶¶ [0021], [0043], [0049], [0050])

wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device. (see, e.g., ¶ [0045])

Attorney Docket No.:  P3812US00                                                                    *Patent*

Independent claim 11 recites:

An apparatus comprising:

at least one processor (see, e.g., Fig. 7, 702, ¶ [0057]); and

at least one memory including computer program code, (see, e.g., Fig. 7, 704, 706, ¶ [0058])

the at least one memory and the computer program code configured to, with the at least one

processor, cause the apparatus to perform at least the following,

receive location information associated with a device; (see, e.g., Fig. 4, step 401; ¶

[0041])

select menu items associated with two or more different services based on the location

information; (see, e.g., Fig. 4, step 403; ¶ [0042]) and

cause, at least in part, presentation of the selected menu items in a bridge, wherein the

bridge is a user interface element common to the two or more different services,

(see, e.g., Fig. 4, step 407; ¶¶ [0020], [0021])

wherein the menu items are associated with the two or more different services available to the

device based on the location information, (see, e.g., ¶¶ [0021], [0043], [0049], [0050])

wherein at least one menu item associated with the two or more different services is presented

in a manner indicating that the at least one menu item is unavailable to the device at the

location indicated by the location information associated with the device. (see, e.g., ¶

[0045])

Attorney Docket No.: P3812US00                                                    *Patent*

IV.   **ARGUMEN**

**GROUPING OF CLAIMS**

For the convenience of the Honorable Patent Trial and Appeal Board ("Board"), Appellants separately argue the patentability of independent claims 1 and 11, and dependent claim 5 and 15. The patentability of all other dependent claims stands and falls with their respective independent claims, i.e., independent claims 1 and 11.

Since independent claims 1 and 11 include the same or similar distinctive features, Appellants select independent claim 1 of the group of independent claims 1 and 11 to argue. As such the patentability of the appealed claims 1-4, 6-14, and 16-20 including independent claims 1 and 11 stands and falls with independent claim 1. Appellants will therefore focus on Rejection A. I. below that includes independent claim 1.

Further, since dependent claims 5 and 15 include the same or similar distinctive features, Appellants select dependent claim 5 of the group of dependent claim 5 and 15 to argue. As such the patentability of the appealed claims 5 and 15 stands and falls with dependent claim 5. Appellants will therefore focus on Rejection A. II. below that includes dependent claim 5.

A.   **CLAIMS 1-20 ARE NOT RENDERED OBVIOUS BY *LOGAN ET AL.* IN VIEW OF *JHENGZZ ET AL.*_____**

I.    The Examiner bears initial burden of establishing a *prima facie* basis to deny patentability to a claimed invention under any statutory provision. In rejecting a claim under 35 U.S.C. §103(a), the Examiner is required to provide a factual basis to support the obviousness conclusion. *In re Warner*, 379 F.2d 1011, 154 USPQ 173 (CCPA 1967); *In re Lunsford*, 357 F.2d 385, 148 USPQ 721 (CCPA 1966); *In re Freed*, 425 F.2d 785, 165 USPQ 570 (CCPA 1970). Further, in rejecting a claim under 35 U.S.C. §103(a) it is incumbent upon the Examiner

Attorney Docket No.:  P3812US00                                                                *Patent*

to establish the requisite motivation.  As maintained by the Supreme Court of the United States in

*KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727 at 1741, an obviousness "analysis should be

made explicit."   See, *In re Kahn*, 441 F.3d 977, 988 (C.A. Fed. 2006) ("[R]ejections on

obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be

some articulated reasoning with some rational underpinning to support the legal conclusions of

obviousness").    Indeed, the Examiner is required to make specific factual findings, not

generalizations. *See M.P.E.P. §2144.08 II. A. 5.*  That initial burden required by procedural **due**

**process of law** has not been discharged.

Claims 1-20 are rejected under 35 U.S.C. § 103(a) based on *Logan et al.* (Pub. No.: US

2010/0131558) in view of *Jheng* (Pub. No.: US 2009/0178005).

Independent claim 1 delineates, *inter alia*:

> …
> wherein at least one menu item associated with the two or more different services
>     is presented in a manner indicating that the at least one menu item is
>     unavailable to the device at the location indicated by the location information
>     associated with the device.

The Examiner asserts the following in the January 25, 2013 Final Office Action (per

pages 4 and 5):

> Although Logan and Jheng **disclose the same subject matter as claimed**, Logan does not
> specifically spell out the 'menu items associated with two or more different services' as
> recited in the above limitation. However, it is disclosed by Jheng in page 2 paragraph
> [0024]. (Emphasis added)

Appellants respectfully disagree with the Examiner's assertions in the Final Office

Action.  As seemingly acknowledged by the Examiner, the primary reference to *Logan et al.* does

<u>not</u> describe at least one menu item associated with two or more different services.  In addition,

Attorney Docket No.:  P3812US00                                                           *Patent*

and contrary to the Examiner's assertions in the Final Office Action, *Jheng* does not remedy the above deficiencies of *Logan et al.*

In particular, neither of *Logan et al.* and *Jheng* discloses or even suggests, "wherein ***at least one menu* item *associated with*** the two or more ***different services is presented*** in a manner indicating that the at least one menu item is ***unavailable to the device at the location indicated by the location information*** associated with the device."   The Examiner, again seemingly acknowledges that the primary reference to *Logan et al.* fails to disclose such features and relies on paragraph [0008] of *Jheng* for allegedly teaching such features.   However, the Examiner's reliance on *Jheng*, as well as the assertions of the Examiner in the Final Office Action are simply misguided.  Paragraph [0008] of *Jheng*, in pertinent part, discloses (emphasis added):

> [0008] An embodiment of the invention also provides a method for altering MMI configurations for use in a device. The method comprises the following steps. A status of a service is queried after detecting that an inspection condition is satisfied. The queried status is acquired from the currently associated network. ***A menu item of a service menu is enabled when the queried status indicates that the service is available. Otherwise, the menu item of the service menu is disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable, preventing a user from requesting the service via the menu item***. (Emphasis added)

Paragraph [0008] of *Jheng*, at best, merely teaches that a menu item of a service menu is enabled when the queried status indicates that the service is available, and that the menu item of the service menu is ***disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable***.  However, paragraph [0008] of *Jheng*, much less the entire disclosure, does not explicitly teach that menu item of *Jheng* is (1) associated with two or more different services, and (2) is ***presented in a manner indicating*** that the menu item of *Jheng* is unavailable to a device of *Jheng* ***at a location indicated by location information associated with the device***.

6

Attorney Docket No.:  P3812US00                                          *Patent*

Based on the foregoing, it is apparent that *Jheng* neither discloses nor suggests the features of the claimed invention that are admittedly missing from the primary reference to *Logan et al.*.   Therefore, even if, for the sake of argument, the applied references are combined as proposed by the Examiner, and Appellants do not agree that the requisite basis for the asserted motivation has been established, the invention defined in independent claim 1 (and claim 11) would not result.

**II.**     Claim 5 recites:

…
determining a language based on the location information,
wherein the selected menu items are presented in the determined language.

The Examiner maintains in the January 25, 2013 Final Office Action (per page 5) that this subject matter is disclosed in *Logan et al.*, referring to paragraph [0082], which is on page 6, not page 4 as indicated by the Examiner.  Paragraph [0082] describes:

> [0082] *Accompanying a business's identifying information is a description of each license each business possesses 320. **This description also describes in easy-to-understand language what copyrighted work a business has the right to play**. For example, the CLD listing for a business licensed to play satellite radio can describe the mix of music that a customer can expect to hear or the frequency of station identification. A listing can also indicate whether the establishment has the right to play music over the phone when callers are on hold and whether the business is licensed to host live cover bands or DJs, and whether the license covers dancing. The listing can also include the registered capacity for the business 322, used in determining if it has infringed any licenses it has obtained.*

At best, this paragraph describes that the description of each license each business possess also describes what copyrighted work a business has the right to play and this description is in easy-to-understand language.  There is no disclosure or suggestion in *Logan et al.* that a language is determined based on the location information and that the easy-to-understand language describing what copyrighted work a business has the right to play is the determined language.

Attorney Docket No.:  P3812US00                                              *Patent*

This is what Appellants' application discloses, not *Logan et al.*  *Jheng* does not remedy the deficiencies of *Logan et al.*  Therefore, even if, for the sake of argument, the applied references are combined as proposed by the Examiner, and Appellants do not agree that the requisite basis for the asserted motivation has been established, the invention defined dependent claim 5 (and claim 15) would not result.

## V.   CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing, it is apparent that the Examiner's rejection under 35 U.S.C. § 103(a) is factually or legally viable.  Appellants therefore solicit the Honorable Board to reverse the Examiner's rejection.

To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made.  Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

Attorney Docket No.:  P3812US00                                        *Patent*

                                        Respectfully Submitted,

                                        DITTHAVONG MORI & STEINER, P.C.


        June 11, 2013                   /Edward J. Wise/
        Date                            Edward J. Wise
                                        Attorney/Agent for Appellant(s)
                                        Reg. No. 34,523

                                        Phouphanomketh Ditthavong
                                        Attorney/Agent for Appellant(s)
                                        Reg. No. 44,658

44 Canal Center Plaza
Suite 322
Alexandria, VA 22314
Tel. (703) 519-9951
Fax (703) 519-9958

Attorney Docket No.:  P3812US00                                              *Patent*

## VI.  <u>CLAIMS APPENDIX</u>

1. A method comprising:

receiving location information associated with a device;

selecting, via a processor, menu items associated with two or more different services based on the location information; and

causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services,

wherein the menu items are associated with the two or more different services that are available to the device based on the location information,

wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.

2. A method of claim 1, further comprising:

determining whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

3. A method of claim 1, further comprising:

determining copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof.

Attorney Docket No.:  P3812US00                                                *Patent*

4. A method of claim 1, further comprising:

determining a policy associated with the services, the location information, or a combination

    thereof,

wherein the selection of the menu items is based, at least in part, on the policy.


5. A method of claim 1, further comprising:

determining a language based on the location information,

wherein the selected menu items are presented in the determined language.


6. A method of claim 1, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, a location service, or a combination thereof.


7. A method of claim 1, wherein the services or provided over one or more content delivery networks.


8. A method of claim 1, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.


9. A method of claim 1, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.


10. A method of claim 1, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.


11. An apparatus comprising:

at least one processor; and

Attorney Docket No.:  P3812US00                                              *Patent*

at least one memory including computer program code,

the at least one memory and the computer program code configured to, with the at least one

processor, cause the apparatus to perform at least the following,

receive location information associated with a device;

select menu items associated with two or more different services based on the location

information; and

cause, at least in part, presentation of the selected menu items in a bridge, wherein the

bridge is a user interface element common to the two or more different services,

wherein the menu items are associated with the two or more different services available to the

device based on the location information,

wherein at least one menu item associated with the two or more different services is presented

in a manner indicating that the at least one menu item is unavailable to the device at the

location indicated by the location information associated with the device.

12. An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine whether the services are illegal, regulated, restricted, or a combination thereof with

respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

13. An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine copyright issues, licensing issues, or a combination thereof with respect to the

services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues,

licensing issues, or combination thereof.

Attorney Docket No.:  P3812US00                                       *Patent*

14. An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

15. An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

determine a language based on the location information,

wherein the selected menu items are presented in the determined language.

16. An apparatus of claim 11, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, or a combination thereof.

17. An apparatus of claim 11, wherein the services or provided over one or more content delivery networks.

18. An apparatus of claim 11, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

19. An apparatus of claim 11, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

20. An apparatus of claim 11, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.