# Exhibit 320-9



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/708,786 | 02/19/2010 | Melanie Larson | P3812US00 | 5216 |

| 11764     7590     10/28/2015 | EXAMINER |
|---|---|
| Ditthavong & Steiner, P.C.<br>44 Canal Center Plaza<br>Suite 322<br>Alexandria, VA 22314 | HO, RUAY L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2175 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/28/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@dcpatent.com
Nokia.IPR@nokia.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* MELANIE LARSON, FRANKLIN REYNOLDS,
KEITH R. BARRACLOUGH, and STEPHEN HARTFORD[1]

_____

Appeal 2013-009756
Application 12/708,786
Technology Center 2100

_____

Before JOHN G. NEW, NORMAN H. BEAMER, and
JAMES W. DEJMEK, *Administrative Patent Judges*.

DEJMEK, *Administrative Patent Judge*.

DECISION ON APPEAL

Appellants appeal under 35 U.S.C. § 134(a) from a final rejection of claims 1–20.  We have jurisdiction over the pending claims under 35 U.S.C. § 6(b).

We affirm-in-part.

---

[1] Appellants identify Nokia Corporation as the real party in interest.  App. Br. 1.

Appeal 2013-009756
Application 12/708,786

# STATEMENT OF THE CASE

## *Introduction*

Appellants' invention is directed to "providing user interface navigation information associated with the availability of services." Abstract. According to the Specification, a bridge refers to a user interface element that provides for the navigation of content and/or services. Spec. ¶ 20. Available services, presented to the user via the bridge, are determined based on location information of the end-user equipment. Abstract.

Claims 1 and 5 are exemplary of the subject matter on appeal and are reproduced below with the disputed limitations emphasized in *italics*:

1. A method comprising:

    receiving location information associated with a device;

    selecting, via a processor, menu items associated with two or more different services based on the location information; and

    causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different services,

    wherein the menu items are associated with the two or more different services that are available to the device based on the location information,

    wherein *at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.*

5. A method of claim 1, further comprising:

    *determining a language based on the location information,*

    *wherein the selected menu items are presented in the determined language.*

Appeal 2013-009756
Application 12/708,786

*The Examiner's Rejection*

Claims 1–20 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Logan et al. (US 2010/0131558 A1; May 27, 2010 (filed Nov. 19, 2008)) ("Logan") and Jheng (US 2009/0178005 A1; July 9, 2009). Final Act. 3–6.

*Issues on Appeal*

1.  Did the Examiner err in finding the combination of Logan and Jheng teaches or suggests presenting at least one menu item associated with two or more different services "in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device," as recited in claim 1?

2.  Did the Examiner err in finding the combination of Logan and Jheng teaches or suggests determining a language based on location information and presenting selected menu items in the determined language, as required by claim 5?

ANALYSIS[2]

*Claims 1–4, 6–14, and 16–20*

Appellants group independent claims 1 and 11 together as including the same or similar distinctive features and select claim 1 to argue as representative of that group. App. Br. 4.

---

[2] Throughout this opinion we have considered the Appeal Brief filed June 11, 2013 ("App. Br."); Reply Brief filed August 2, 2013 ("Reply Br."); the Examiner's Answer mailed on July 5, 2013 ("Ans."); and the Final Office Action mailed on January 25, 2013, from which this Appeal is taken ("Final Act.").

3

Appeal 2013-009756
Application 12/708,786

Appellants contend neither Logan nor Jheng teaches or suggests the limitation "wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device." App. Br. 6 (emphases omitted). Appellants argue that paragraph 8 of Jheng, as relied upon by the Examiner, only teaches that a menu item is disabled or removed from the service menu when it is unavailable. App. Br. 6. Further, Appellants argue that paragraph 8 of Jheng, "much less the entire disclosure, does not explicitly teach" the menu item of Jheng is associated with two or more different services and is presented in a manner indicating the unavailability of the item based on the location indicated by the location information associated with the device. App. Br. 6.

We are not persuaded by the Appellants' arguments. As an initial matter, the cited prior art references need not "explicitly teach" the limitation. An obviousness analysis "need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). The test for obviousness is what the combined teachings of the references would have suggested to one of ordinary skill in the art. *See In re Young,* 927 F.2d 588, 591 (Fed. Cir. 1991) and *In re Keller*, 642 F.2d 413, 425 (CCPA 1981). Further, the Examiner relies on paragraph 24 of Jheng for the limitation "the menu items are associated with the two or more different services that are available to the device based on the location information." Final Act. 4. Thus, to the extent Appellants are

4

arguing paragraph 8 of Jheng does not teach or suggest this limitation, we are unpersuaded of Examiner error because Appellants' argument is not responsive to the Examiner's findings and rejection.

Further, the Examiner finds, and we agree, paragraph 8 of Jheng teaches the presentation of a menu item that is unavailable. Final Act. 4; Ans. 7; Jheng ¶ 8 ("A menu item of a service menu is enabled when the queried status indicates that the service is available. Otherwise, the menu item of the service menu is disabled or the menu item is removed from the service menu when the queried status indicates that the service is unavailable.").

Additionally, although not relied upon expressly in affirming the Examiner's rejection, we note paragraph 24 of Jheng, cited by the Examiner, also teaches "[e]ach potential service may have an indicator indicating whether the service/method is available or supported by the current associated network [i.e., location]." Thus, Jheng teaches determining the location of user equipment (*see* Jheng ¶ 24, cited by Examiner; *see also* Jheng ¶ 25 ("location information is obtained from a cell broadcast system")) and providing an indication of the availability (or unavailability) of the menu item based on the determined location.

Appellants also contend "that the requisite basis for the asserted motivation [to combine Logan and Jheng] has [not] been established." App. Br. 7. However, Appellants do not provide any persuasive evidence or argument apprising us of error in the Examiner's findings or conclusions. We agree with the Examiner's findings and rationale to combine the references as set forth in the Final Office Action and we adopt them as our own. *See* Final Act. 5.

5

Appeal 2013-009756
Application 12/708,786

For the reasons discussed supra, we are unpersuaded of Examiner error. Accordingly, we sustain the Examiner's rejection of independent claim 1 and the rejection of independent claim 11 and dependent claims 2–4, 6–10, 12–14, and 16–20, which were not argued separately. App. Br. 4.

*Claims 5 and 15*

Appellants group dependent claims 5 and 15 together as including the same or similar distinctive features and select claim 5 to argue as representative of that group. App. Br. 4.

Appellants contend the Examiner erred in finding paragraph 82 of Logan teaches or suggests the limitations of claim 5. App. Br. 7–8. In particular, Appellants argue Logan does not suggest that a language is determined based on the location information of the device or that the "easy-to-understand language" of Logan is the determined language. App. Br. 7; Reply Br. 2–3.

The Examiner finds Logan teaches a copyright license database (CLD) that includes the GPS location of a business and a description of the copyright license the business possesses. Ans. 8 (referring to Logan ¶¶ 80, 82). The Examiner additionally finds Logan presents the license information in an "easy-to understand language based on its [the business'] location information included in the CLD." Ans. 8. The Examiner further explains "[i]f the 'language' as recited means foreign languages, further amendments to claim 5 are deemed necessary." Ans. 9.

We are persuaded by Appellants' argument that Logan does not determine a language based on the location information associated with the device. Further, we agree with Appellants that the Examiner has not

6

sufficiently identified that the "easy-to-understand language" of Logan is presented in a determined language based on location information. Accordingly, we do not sustain the Examiner's rejection of claim 5 or the rejection of claim 15, which recites similar limitations.

DECISION

We affirm the Examiner's decision to reject claims 1–4, 6–14, and 16–20.

We reverse the Examiner's decision to reject claims 5 and 15.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 41.50(f).

AFFIRMED-IN-PART

mp

Attorney Docket No.: P3812US00                                                                                          *Patent*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Application of: | Melanie LARSON *et al.* | Confirmation No.: | 5216 |
| Application No.: | 12/708,786 | Examiner: | Ruay L. HO |
| Filed: | February 19, 2010 | Group Art Unit: | 2175 |

For:   METHOD AND APPARATUS FOR NAVIGATING SERVICES

Commissioner for Patents
Alexandria, VA 22313-1450

## RESPONSE TO DECISION ON APPEAL

Dear Commissioner:

In response to the Decision On Appeal dated October 28, 2015, please amend the above-identified application as follows:

AMENDMENT AND PRESENTATION OF CLAIMS ................................................... 2

REMARKS ................................................................................................................... 7

1

Attorney Docket No.: P3812US00 *Patent*

## AMENDMENT AND PRESENTATION OF CLAIMS

Please replace all prior claims in the present application with the following claims.

1. (Currently Amended) A method comprising:

receiving location information associated with a device;

selecting, via a processor, menu items associated with two or more different services based on the location ~~information; and~~ information;

causing, at least in part, presentation, via the processor, of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different ~~services,~~ services; and

determining a language based on the location information,

wherein the selected menu items are presented in the determined language,

wherein the menu items are associated with the two or more different services that are available to the device based on the location information, and

wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.

2. (Original) A method of claim 1, further comprising:

determining whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

3. (Original) A method of claim 1, further comprising:

2

Attorney Docket No.: P3812US00                                                                                         *Patent*

determining copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof.

4. (Original) A method of claim 1, further comprising:

determining a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

5. (Canceled)

6. (Original) A method of claim 1, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, a location service, or a combination thereof.

7. (Original) A method of claim 1, wherein the services or provided over one or more content delivery networks.

8. (Original) A method of claim 1, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

9. (Original) A method of claim 1, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

3

Attorney Docket No.: P3812US00                                                                                                *Patent*

10. (Original) A method of claim 1, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

11. (Currently Amended) An apparatus comprising:

at least one processor; and

at least one memory including computer program code,

the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus to perform at least the following,

    receive location information associated with a device;

    select menu items associated with two or more different services based on the location ~~information; and~~ <u>information;</u>

    cause, at least in part, presentation of the selected menu items in a bridge, wherein the bridge is a user interface element common to the two or more different ~~services,~~ <u>services; and</u>

    <u>determine a language based on the location information,</u>

    <u>wherein the selected menu items are presented in the determined language,</u>

    wherein the menu items are associated with the two or more different services available to the device based on the location information, <u>and</u>

    wherein at least one menu item associated with the two or more different services is presented in a manner indicating that the at least one menu item is unavailable to the device at the location indicated by the location information associated with the device.

12. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

- determine whether the services are illegal, regulated, restricted, or a combination thereof with respect to the location information,

wherein the selection of the menu items is based, at least in part, on the determination.

13. (Previously Presented) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

- determine copyright issues, licensing issues, or a combination thereof with respect to the services and the location information,

wherein the selection of the menu items is based, at least in part, on the copyright issues, licensing issues, or combination thereof.

14. (Original) An apparatus of claim 11, wherein the apparatus is further caused, at least in part, to:

- determine a policy associated with the services, the location information, or a combination thereof,

wherein the selection of the menu items is based, at least in part, on the policy.

15. (Canceled)

16. (Original) An apparatus of claim 11, wherein the location information is obtained by a reverse lookup of an identifier of the device, a location sensor, a network location, or a combination thereof.

5

Attorney Docket No.: P3812US00                                                                                              *Patent*

17. (Original) An apparatus of claim 11, wherein the services or provided over one or more content delivery networks.

18. (Original) An apparatus of claim 11, wherein the bridge is presented as a navigation bar in a web page associated with at least one of the services.

19. (Original) An apparatus of claim 11, wherein the bridge is a code module that is separate and reusable for rendering web pages associated with the services.

20. (Original) An apparatus of claim 11, wherein the bridge is an operating system element linking to at least one application associated with at least one of the services.

Attorney Docket No.: P3812US00                                                                                      *Patent*

# REMARKS

By this amendment, claims 1-4, 6-14, and 16-20 are pending, in which claims 5 and 15 are canceled without prejudice or disclaimer, and claims 1 and 11 are currently amended. No new matter is introduced.

The October 28, 2015 Decision On Appeal affirmed the rejections of claims 1-4, 6-14, and 16-20 under 35 U.S.C. § 103(a) as being unpatentable over *Logan et al.* (US 2010/0131558) in view of *Jheng* (US 2009/0178005). However, the rejection of claims 5 and 15 under 35 U.S.C. § 103(a) as being unpatentable over *Logan et al.* (US 2010/0131558) in view of *Jheng* (US 2009/0178005) was reversed.

In view of the October 28, 2015 Decision On Appeal, independent claim 1 is amended to include all the limitations of claim 5, independent claim 11 is amended to include all the limitations of claim 15, and claims 5 and 15 are canceled. Accordingly, it is believed that independent claims 1 and 15, as amended, are allowable (see MPEP 1214.06).

Because claims 2-4, 6-10, 12-14, and 16-20 variously depend from amended independent claims 1 and 11, they are believed to allowable for at least the same reason(s) independent claims 1 and 11, as amended, are allowable. Therefore, allowance of claims 1-4, 6-14, and 16-20, as amended, is respectfully solicited.

## Conclusion

Therefore, the present application, as amended, is in condition for allowance. Favorable consideration is respectfully requested. If any unresolved issues remain, it is respectfully requested that the Examiner telephone the undersigned attorney at (703) 519-9951 so that such issues may be resolved as expeditiously as possible.

Attorney Docket No.: P3812US00 Patent

To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made. Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

Respectfully Submitted,

DITTHAVONG & STEINER, P.C.

<u>December 28, 2015</u>  /Edward J. Wise/
Date  Edward J. Wise
 Attorney/Agent for Applicant(s)
 Reg. No. 34,523

 Phouphanomketh Ditthavong
 Attorney/Agent for Applicant(s)
 Reg. No. 44,658

44 Canal Center Plaza, Suite 322
Alexandria, VA 22314
Tel. (703) 519-9951
Fax (703) 519-9958

8